IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 2006 Session

**FLOSSIE HOWARD and EZELL ROBERSON, as legal heirs of decedent
MARTHA CULP
v.
KINDRED NURSING CENTERS LIMITED PARTNERSHIP, f/k/a
VENCOR NURSING CENTERS LIMITED PARTNERSHIP d/b/a
HUNTINGDON HEALTH & REHABILITATION CENTER, and BAPTIST
MEMORIAL HEALTH CARE CORPORATION, d/b/a BAPTIST
MEDICAL HOSPITAL-HUNTINGDON**

An Appeal from the Circuit Court for Carroll County
No. 4441    Julian P. Guinn, Circuit Judge

No. W2005-02360-COA-R3-CV - Filed August 2, 2006

This case involves a statute of limitations. The plaintiffs' decedent died in April 2000 at a nursing home. In February 2002, the plaintiffs filed this lawsuit against the nursing home in state court, alleging negligent care by the nursing home. The nursing home removed the action to federal court. Subsequently, the nursing home asserted fault against the hospital that treated the decedent prior to her death. The plaintiffs then amended their complaint to name the hospital as a defendant. Later, the federal court entered an order of dismissal as to the nursing home and remanded the remaining proceedings to state court. After that, the defendant hospital filed a motion to dismiss. The state court granted the motion to dismiss, ruling that the plaintiffs' action was a medical malpractice action and was not timely under the applicable statute of limitations. We affirm.

**Tenn. R. App. P. 3 as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Edward M. Bearman, Memphis, Tennessee, for Plaintiffs/Appellants Flossie Howard and Ezell Roberson.

Brett A. Hughes, Memphis, Tennessee, for Defendant/Appellee Baptist Memorial Health Care Corporation.

**OPINION**

Prior to her death, Martha R. Culp ("Decedent") had been a resident of Defendant Huntingdon Health & Rehabilitation Center, from July 1993 until November 1999. She received medical treatment at Defendant/Appellee Baptist Memorial Health Care Corporation (d/b/a Baptist Memorial Hospital-Huntingdon) ("Baptist Hospital") in November 1999. On November 15, 1999, the Decedent moved to NHC Healthcare, where she stayed until her death in April 2000.

On February 25, 2002, the Decedent's heirs, Flossie Howard and Ezell Roberson (collectively, "Plaintiffs"), filed suit against Kindred Healthcare Services, Inc. (d/b/a Huntingdon Health & Rehabilitation Center) ("Kindred") in the Carroll County Circuit Court, alleging various causes of action arising out of the death of the Decedent and seeking a judgment in the amount of $5,000,000. The original complaint alleged negligent operation of the Kindred facilities, including, among other allegations, failing to properly care for the Decedent and failure to adequately train the nursing staff. The complaint alleged three causes of action against Kindred: common-law negligence, negligence per se, and violation of the Tennessee Consumer Protection Act. The original complaint did not name Baptist Hospital as a Defendant.

In April of 2002, Kindred filed a notice of removal of the case to the United States District Court for the Western District of Tennessee. Once removed, the United States District Court entered a scheduling order setting the matter for a jury trial in July 2003. The jury trial was later reset for May 2004.

On October 16, 2003, the Plaintiffs moved to amend their original complaint to assert a breach of contract claim against Kindred. The motion was unopposed and, in November 2003, the motion was granted.

Although it is clear from the record that the Plaintiffs later filed a first amended complaint, neither the first amended complaint nor Kindred's answer to that amended complaint are part of the record before this Court. Nevertheless, an order of the United States District Court refers to Kindred, in its amended answer, having asserted fault against Baptist Hospital. Consequently, on May 26, 2004, the District Court granted the Plaintiffs' motion to file a second amended complaint to allege a cause of action against Baptist Hospital.

On July 7, 2004, the Plaintiffs served their second amended complaint on Baptist Hospital; the complaint was filed in the United States District Court.[1] The second amended complaint asserted that Kindred and Baptist Hospital "had a duty to exercise the ordinary care, diligence and skill of a skilled nursing and hospital facility . . . with the same degree of care and skill exercised by skilled

---

[1]The record is unclear on some of the pertinent dates. The second amended complaint is stamp filed April 22, 2004. However, the District Court's order granting leave to file the first amended complaint is dated May 2004. As noted above, the first amended complaint is not included in the record. Nevertheless, the parties on appeal agree that the second amended complaint was served on Baptist on July 7, 2004.

nursing facilities and hospitals in the community and consistent with the expertise that the Defendants publicized." The Plaintiffs alleged that both Kindred and Baptist Hospital were negligent in the operation of their facilities and breached their duty of care to the Decedent while she was a patient there. The second amended complaint articulated nineteen ways in which both Defendants allegedly breached that duty of care for the Decedent.[2] The second amended complaint asserted four causes of action against Kindred and Baptist Hospital, the original three claims as well as a breach of contract claim.

The record before this Court does not contain the remand order from the United States District Court to the Carroll County Circuit Court. However, it is clear from the record that the case was remanded to Carroll County Circuit Court after the second amended complaint was filed in the United States District Court.[3]

Baptist Hospital's answer to the second amended complaint was filed in the Carroll County Circuit Court on December 3, 2004. The answer alleged, *inter alia*, that the second amended complaint failed to state a claim upon which relief could be granted and that it should be dismissed on statute of limitations grounds.

Subsequently, on June 6, 2005, Baptist Hospital filed a motion to dismiss pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure. Baptist Hospital asked the trial court to dismiss the second amended complaint, asserting that it was barred under the applicable statute of limitations and the statute of repose, and that it failed to state a claim upon which relief could be granted. In support of the motion, Baptist Hospital noted that Tennessee's Medical Malpractice Act sets forth a one-year statute of limitation and a three-year statue of repose for malpractice actions. Baptist Hospital stated that the action against Baptist Hospital in the present case was not filed until over four-and-a-half years after the Decedent was treated by Baptist Hospital in November 1999. The motion to dismiss pointed out that the original complaint against Kindred was not filed until approximately two years after the Decedent's death. Baptist Hospital argued that Tennessee's comparative fault joinder statute, which would operate to toll the three-year statute of repose, was inapplicable in the current litigation.

In addition, in its motion to dismiss, Baptist Hospital asserted that the second amended complaint failed to state a claim for breach of contract because the Medicare and Medicaid Acts do

---

[2] The complaint's allegations included, among others, the following: failure to properly provide accurate and complete nursing assessments for the Decedent; failure to properly develop and implement an individual nursing plan for the Decedent; failure to prevent the Decedent from becoming dehydrated; failure to prevent the Decedent from developing pressure ulcers; failure to treat those ulcers; failure to supervise the nursing staff assigned to care for the Decedent; failure to evaluate the Decedent's response to nursing care; and failure to record and report to physicians the signs and symptoms of changes in the Decedent's physical condition.

[3] In Baptist Hospital's answer to the second amended complaint, the recitation of the procedural history of the case states that the United States District Court entered an order of dismissal as to Kindred and remanded to the Carroll County Circuit Court for lack of subject matter jurisdiction.

not provide for a private cause of action for breach of contract against a healthcare provider. Moreover, Baptist Hospital added, the Tennessee Medical Malpractice Act is the only law that applies in cases of alleged medical malpractice.

Plaintiff's response to Baptist Hospital's motion to dismiss did not dispute Baptist Hospital's recitation of the facts and the pertinent dates. To explain the four-year delay from the time of the injury to the filing of the complaint against Baptist Hospital, Plaintiffs stated:

> In addition, the Court should be aware that the proceedings in this matter were stayed for some time due to a bankruptcy filed by the previous defendant, Kindred Nursing Centers. That Bankruptcy stay was lifted by the Court to allow filing of the complaint on or about July 16, 2001. Therefore, while it has been more than 4 years after the injury that Plaintiff filed the Complaint against [Baptist Hospital], it was clearly not four years since the stay was lifted by the Court.

The Plaintiffs asserted that, under the stay order issued by the Bankruptcy Court, they were prevented from filing an action against Kindred within the one year statute of limitations.

The record shows that the original bankruptcy plan required the Plaintiffs to file a proof of claim against Kindred by January 18, 2001, in order to have their claim considered timely filed. However, in a July 2001 order by the Bankruptcy Court, the Bankruptcy Judge stated that the Plaintiffs, for the purposes of all relevant statutes of limitation, would be "deemed to have commenced [their] action with respect to such prepetition claims against [Kindred] on [January 18, 2001] (*provided that [they] actually commence[] any such action within 30 days after there is no bankruptcy prohibition against [] doing so*)." (emphasis added.) Despite this explicit proviso in the Bankruptcy Court order, after the stay was lifted on July 16, 2001, the Plaintiffs waited to file the original complaint against Kindred until February 25, 2002.

In addition, in their response to Baptist Hospital's motion to dismiss, the Plaintiffs urged the trial court not to view the action as a medical malpractice action, but instead as an ordinary common-law negligence action. In support of the Plaintiffs' response to the motion to dismiss, they attached an affidavit from a physician explaining that, in his opinion, Baptist Hospital's alleged failure to turn and reposition the Decedent every two hours caused her skin to break down, leading to her injuries. The physician also stated that "turning and repositioning [of patients] is routinely done by nursing assistants who are unlicensed health care professionals," and that "the duties and responsibilities of a nursing assistant . . . do not require a trained individual and that the negligence of these individuals was so obvious that it comes within the knowledge of a lay person."

On September 15, 2005, the trial court entered an order granting Baptist Hospital's motion to dismiss. The trial court made the following findings:

> 1. That [the Decedent] was treated at [Baptist Hospital] in November 1999;

-4-

2. That the plaintiffs added [Baptist Hospital] as a defendant in their second amended complaint filed on May 27, 2004;

3. That the applicable statutes of limitation and repose are determined according to the gravamen of the complaint;

4. That the plaintiffs' alleged causes of action are for alleged medical malpractice and are governed by the Tennessee Medical Malpractice Act, Tenn. Code Ann. § 29-26-116, *et seq.*;

5. That the plaintiffs' alleged causes of action are barred by the Tennessee Medical Malpractice Act's one (1) year statute of limitations and three (3) year statute of repose set forth in Tenn. Code Ann. § 29-26-116; and

6. That the plaintiffs' original cause of action against [Kindred] was not filed within the period prescribed by the United States Bankruptcy Court for the District of Delaware; that the plaintiffs cannot rely on the comparative fault joinder statute set forth in Tenn. Code Ann. § 20-1-119, to save their causes of action as to [Baptist Hospital]; and that the bankruptcy of [Kindred] did not toll the applicable statutes of limitation and repose as to [Baptist Hospital].

Based on these findings, the trial court granted the motion to dismiss, dismissing all of the Plaintiffs' claims against Baptist Hospital. From this order, the Plaintiffs now appeal.

On appeal, the Plaintiffs argue that the trial court erred in finding that the Plaintiffs' claims against Baptist Hospital's actions were governed by the Tennessee Medical Malpractice Act, rather than common-law negligence principles. Additionally, the Plaintiffs argue that the trial court, in effect, treated the motion to dismiss as a motion for summary judgment, because the trial court considered matters beyond the pleadings in ruling on Baptist Hospital's motion to dismiss.[4]

The issues on appeal involve only questions of law, which we review on appeal *de novo*, with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

We consider the second issue first, namely, whether the trial court in effect treated the motion to dismiss as a motion for summary judgment. The only matter outside the pleadings that the trial court could have considered was the physician's affidavit, filed by the Plaintiffs. There is no indication that this was considered. The only issue before the trial court was whether the Plaintiffs' action was barred by the applicable statute of limitations or the applicable statute of repose, and there is nothing in the record to indicate that the trial court considered anything beyond the allegations in the complaint. Therefore, on appeal, we review this as a motion to dismiss pursuant to Rule 12.02 of the Tennessee Rules of Civil Procedure.

The applicable statute of limitations in a given case is determined by the gravamen of the complaint. *Gunter v. Lab. Corp. of America*, 121 S.W.3d 636, 638 (Tenn. 2003) (citing *Vance v.*

---

[4]The Plaintiffs do not raise any issue on appeal regarding the breach of contract claim.

*Schulder*, 547 S.W.2d 927, 931 (Tenn. 1977)). "The determination of the gravamen of the complaint is a question of law which may be appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure." *Id*. In reviewing a motion to dismiss for failure to state a claim, this Court must accept the facts alleged in the complaint as true and review only the legal issue presented. *Id*. at 639 (citing *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 855 (Tenn. 2002)).

The Plaintiffs argue on appeal that the trial court should have applied common law negligence principles to assess the timeliness of the Plaintiffs' complaint, rather than applying the Tennessee Medical Malpractice Act. In ascertaining the controlling statute of limitations in the instant action, we must first determine whether the action sounds in medical malpractice or ordinary common-law negligence. In Tennessee, medical malpractice claims are distinguishable from negligence claims. *Gunter*, 121 S.W.3d at 639-40. The distinction between the two is subtle, and can be problematic in any given case against a health care provider. To explain the distinction, the Tennessee Supreme Court has stated:

> [W]hen a claim alleges negligent conduct which constitutes or *bears a substantial relationship to the rendition of medical treatment by a medical professional*, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

*Id*. at 641 (emphasis added). Reviewing the allegations in the Plaintiffs' second amended complaint, it is apparent that the gravamen of the complaint sounded in medical malpractice; the complaint was based upon allegations of professional negligence by nurses in failing to adequately care for the Decedent while she was receiving medical treatment at Baptist Hospital. The Plaintiffs' allegations of negligent conduct "bear[] a substantial relationship to the rendition of medical treatment by a medical professional," and are therefore subject to Tennessee's Medical Malpractice Act. *See Id*.; *see also Age v. HCA Health Svcs. of TN, Inc.*, 2002 WL 1255531, at *2-3 (Tenn. Ct. App. June 7, 2002) (concluding that the Medical Malpractice Act applied to a hospital staff's repositioning of a patient to a CT table); *Cooksey v. HCA Health Svcs. of TN, Inc.*, 2001 WL 1328539, at *2 (Tenn. Ct. App. Oct. 30, 2001) (opining, "We think the facts alleged in the complaint describe an act of medical malpractice. The proper way [for a nurse] to move or turn a patient who has undergone a serious back operation is not within the ken of ordinary laypersons."). Consequently, despite the Plaintiffs' attempt to characterize the issue of how often to reposition the Decedent in order to avoid break down of the skin as negligent conduct "so obvious that it comes within the knowledge of a lay person," we must conclude that the trial court did not err in ruling that Tennessee's Medical Malpractice Act governed the instant litigation.

Tennessee's Medical Malpractice Act includes a one-year statute of limitation, as set forth in Tennessee Code Annotated section 28-3-104, which is measured from the date on which the cause of action accrued. In addition, the Act includes a three-year statute of repose for medical malpractice actions. T.C.A. § 29-26-116(a)(1), (3). The Plaintiffs did not file the instant action against Baptist

Hospital until more than four years after completion of the Decedent's treatment at Baptist Hospital, well beyond both the statute of limitations and the statute of repose.

Moreover, assuming *arguendo* that the Medical Malpractice Act does not govern the instant action, the Plaintiffs' action was filed beyond the one-year statute of limitations for personal injuries arising out of common law negligence. *See* T.C.A. § 28-3-104(a)(1). The one-year limitations period would have run in November 2000, long before any action against Baptist Hospital was initiated. Furthermore, Plaintiffs are unable to rely on the comparative fault joinder statute because the original lawsuit against Kindred was likewise not initiated within the applicable statute of limitations. *See* T.C.A. § 20-1-119(a), (b). Under all of these circumstances, we must conclude that the trial court did not err in granting Baptist Hospital's motion to dismiss.

The decision of the trial court is affirmed. Costs on appeal are taxed against the Appellants/Plaintiffs Flossie Howard and Ezell Robertson, and their sureties, for which execution may issue, if necessary.

 

 

_____
HOLLY M. KIRBY, JUDGE