IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 4, 2003 Session

## STANLEY A. GUNTER v. LABORATORY CORPORATION OF AMERICA, d/b/a LABCORP, ET AL.

**Appeal by permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 01-C-2890    Thomas W. Brothers, Judge**

---

**No. M2002-00600-SC-R11-CV - Filed December 19, 2003**

---

We granted permission to appeal to determine the applicable statute of limitations in this action against a laboratory that analyzes blood for purposes of providing evidence in paternity cases. The trial court ruled that the case was "governed by the applicable one year statute of limitations" in Tennessee Code Annotated sections 28-3-104 and 29-26-116, which refer to injuries to the person and medical malpractice claims, and dismissed the action because the suit was filed outside the one-year limitation. The intermediate court applied the three-year statute of limitations applicable to suits for recovery of monetary damages for injuries to personal property and, thereby, reversed the trial court's ruling. We conclude that this action sounds in negligence rather than medical malpractice. Further, we conclude that the economic loss sustained by the plaintiff is an injury to property rather than to the person. Thus, we hold that the three-year statute of limitations for injury to personal property applies. Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed and Case Remanded to the Circuit Court for Davidson County**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

William E. Godbold, III, and Cherie D. Jewell, Chattanooga, Tennessee, and Thomas J. Dement, II, Nashville, Tennessee, for the appellant, LabCorp.

August C. Winter, Brentwood, Tennessee, for the appellee, Stanley A. Gunter.

### Opinion

### I. Facts and Procedural History

The facts as alleged by the appellee, Stanley A. Gunter, reveal that a judgment establishing

paternity and ordering the payment of child support was entered against him based, in part, on the results of a blood test performed by the appellant, Laboratory Corporation of America (d/b/a LabCorp). The results of that test[1] were issued on May 25, 1999, and indicated that there was a 99.94 % chance that Gunter was the father of J. C.[2] Gunter asserted, however, that he never had sexual relations with the mother of the child. Thus, he contended, in a complaint filed on September 21, 2001, that LabCorp negligently performed the paternity test and overstated the probability of paternity. His complaint alleged negligence and breach of contract,[3] and he sought damages in the amount of the economic loss occasioned by the obligation imposed upon him to make child support payments.

LabCorp, contending that the one-year statute of limitations applicable to medical malpractice claims or personal injury claims applied and had run prior to the filing of the complaint, moved to dismiss the complaint for failure to state a claim upon which relief can be granted. See Tenn. R. Civ. P. 12.02(6) (2003). Gunter responded that the three-year statute of limitations for personal property tort actions should be applied instead. The trial court ruled that the case was "governed by the applicable one year statute of limitations" in Tennessee Code Annotated sections 28-3-104 and 29-26-116. Tennessee Code Annotated section 29-26-116(a)(1) (2000) provides that "[t]he statute of limitations in malpractice actions shall be one (1) year as set forth in [section] 28-3-104." Tennessee Code Annotated section 28-3-104 (2000) provides that the statute of limitations for injuries to the person shall be commenced one year after the cause of action accrued. On appeal, the Court of Appeals reversed the trial court's ruling, holding that Gunter's complaint stated a cause of action for injuries to personal property, and thus is controlled by the three-year statute of limitations set forth in Tennessee Code Annotated section 28-3-105. We granted permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine the applicable statute of limitations in Gunter's action against LabCorp.

## II. Standard of Review

On appeal to this Court, LabCorp challenges the sufficiency of the complaint, contending that under the applicable one-year statute of limitations the complaint is time-barred. "The applicable statute of limitations in a particular cause will be determined according to the gravamen of the complaint." Vance v. Schulder, 547 S.W.2d 927, 931 (Tenn. 1977). The determination of the gravamen of the complaint is a question of law which may be appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

---

[1]Another test was performed by Laboratory Investments, a co-defendant in the case. That test indicated that there was a 99.99 % chance that Gunter was the father of J.C. Laboratory Investments is not, however, a party to this appeal.

[2]In keeping with the Court's policy, we identify minor children by their initials.

[3]The Court of Appeals held that the six-year statute of limitations for contract actions did not apply in this case. Neither party raised this issue on appeal to our Court.

-2-

A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact therein as true. The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

Cook By & Through Uithoven v. Spinnaker's of Rivergate, Inc., 878 S.W.2d 934, 938 (Tenn. 1994) (citations omitted).

Because this case comes to us upon a motion to dismiss, we are required to accept the facts alleged in the complaint as true and to review solely the legal issue presented. Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 855 (Tenn. 2002). Thus, this matter presents issues of law which this Court reviews de novo with no presumption of correctness arising from the trial court's conclusions. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).

### III. Analysis

In this appeal, LabCorp contends that the Court of Appeals erred by applying the three-year statute of limitations for personal property tort actions and asserts, instead, that Gunter's claim is one of medical malpractice subject to a one-year statute of limitations. According to LabCorp, Gunter's action accrued on May 25, 1999, when the report on the blood test was issued, and expired May 25, 2000, one year after the date the statute began to run. Gunter responds that the three-year statute of limitations period for negligence actions is applicable in this case, and thus, that the Court of Appeals correctly ruled that his complaint, filed on September 21, 2001, was not time-barred.

#### A. Negligence in Laboratory Testing as Medical Malpractice

To determine which limitations statute controls Gunter's claim against the laboratory, we must first decide whether the claim sounds in medical malpractice or negligence. "[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical line separates the two.'" Weiner v. Lenox Hill Hosp., 673 N.E.2d 914, 916 (N.Y. 1996) (quoting Scott v. Uljanov, 541 N.E.2d 398, 399 (N.Y. 1989)). Tennessee has attempted to distinguish medical malpractice from negligence. See Tenn. Code Ann. § 29-26-115; Bradshaw v. Daniel, 854 S.W.2d 865, 870 (Tenn. 1993).

A claim of common law negligence requires proof of the following elements: a duty of care owed by the defendant to the plaintiff; conduct falling below the applicable standard of care that amounts to a breach of that duty; an injury or loss; cause in fact; and proximate or legal cause. White v. Lawrence, 975 S.W.2d 525, 529 (Tenn. 1998). Medical malpractice actions are specifically controlled by the medical malpractice statute, Tennessee Code Annotated section 29-26-115, which essentially codifies the common law elements of negligence. Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993). Section 29-26-115 places on the claimant the burden of proving the following statutory elements: (1) the recognized standard of professional care; (2) that the defendant failed to act in accordance with the applicable standard of care; and (3) that as a proximate result of the defendant's negligent act or omission, the claimant suffered an injury which otherwise would not have occurred.[4] See Moon v. St. Thomas Hosp., 983 S.W.2d 225, 229 (Tenn. 1998).

In distinguishing between the two claims, it should be noted that not all cases involving health or medical entities sound in medical malpractice. See Pullins v. Fentress County Gen. Hosp., 594 S.W.2d 663, 669 (Tenn. 1979) (indicating that medical malpractice statutes did not apply in the determination of whether hospital breached its duty to keep hospital free from spiders); see also Bradshaw v. Daniel, 854 S.W.2d 865, 870 (Tenn. 1993) ("[A physician-patient relationship] is not necessary for the maintenance of an action based on negligence, and this Court has specifically recognized that a physician may owe a duty to a non-patient third party for injuries caused by the physician's negligence . . . ."); Peete v. Shelby County Health Care Corp., 938 S.W.2d 693, 696 (Tenn. Ct. App. 1996) (holding that a complaint by patient that a piece of orthopedic suspension bar above her hospital bed fell and struck the top of her head was a claim for ordinary negligence, not medical malpractice, and thus patient was not required to prove statutory elements of malpractice action). At the other end of the spectrum, the medical malpractice statute may extend to acts of non-physicians, such as nurses, when they are involved in the medical treatment of a patient. Cf. Seavers v. Methodist Med. Ctr., 9 S.W.3d 86, 96 (Tenn. 1999) (finding that based on the doctrine of res ipsa loquitur, the appellant raised a genuine issue of material fact that nurses negligently restrained or positioned patient's arm while she was under their care, resulting in the damage to her right ulnar nerve).

---

[4] Section 29-26-115(a) provides:

> In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Although this Court has not specifically articulated the analysis to be used to distinguish an ordinary negligence claim from a medical malpractice claim, the distinguishing feature is evident from our review of the previously mentioned cases. When a plaintiff's claim is for injuries resulting from negligent medical treatment, the claim sounds in medical malpractice. See, e.g., Seavers, 9 S.W.3d at 86. When a plaintiff's claim is for injuries resulting from negligent acts that did not affect the medical treatment of a patient, the claim sounds in ordinary negligence. See, e.g., Bradshaw, 854 S.W.2d at 870. The New York courts have specifically addressed this issue and have concluded as follows:

> a claim sounds in medical malpractice when the challenged conduct "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician." By contrast, when "the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty," the claim sounds in negligence.

Weiner, 673 N.E.2d at 916 (quoting Bleiler v. Bodnar, 479 N.E.2d 230, 234-35 (N.Y. 1985)). We embrace this analysis and hold that when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

The crucial question here, then, is whether the services performed by LabCorp for Gunter bear a substantial relationship to the rendition of medical treatment. Of course, there may be circumstances where the analysis of a person's blood could be substantially related to the rendition of medical treatment. But when that analysis is performed to obtain a DNA profile for purposes of paternity determination, no rendition of medical treatment is involved. See, e.g., Smith v. Katzman, 611 N.E.2d 1013, 1014 (Ohio Ct. App. 1992) (recognizing precedent that "negligent blood-grouping analysis [done for a paternity suit] is not a claim that arises out of the medical diagnoses, care or treatment of any person"). Thus, the core issue in this case –the adequacy of the laboratory's blood testing procedures–does not implicate issues of medical competence or judgment linked to Gunter's treatment. Accordingly, we hold that the medical malpractice statute and its concomitant one-year limitation of actions have no application to Gunter's claim.

We acknowledge that this rule conflicts with language in the cases of Terry v. Niblack, 979 S.W.2d 583 (Tenn. 1998) and Miller v. Niblack, 942 S.W.2d 533 (Tenn. Ct. App. 1996). The courts in those cases applied the medical malpractice statute to blood testing for paternity determination; however, the issue of the propriety of applying the medical malpractice statute was not raised nor was it pertinent to the outcome of the cases. Thus, we consider the language indicating that the medical malpractice statutes apply to blood testing for a paternity determination to be obiter dictum and not binding. See Shousha v. Matthews Drivurself Serv., Inc., 358 S.W.2d 471, 473-74 (Tenn. 1962) (noting that "a decision is authority for the point or points decided, and nothing more, and that general expressions in an opinion are to be taken in connection with the case in which they were

used, and when they go beyond that, they are not authority for another case").

## B. Nature of the Injury

Concluding that the action in this case sounds in negligence, rather than medical malpractice, we must now determine whether the injury was to the person or to property. This distinction is important because a one-year statute of limitations applies to "injuries to the person,"[5] whereas, a three-year limitations period applies to injuries to property.[6]

In holding that injuries to the person are not limited to physical injuries and that damage done to a plaintiff's reputation is an "injury to the person," the Court has stated the following:

> It is then our conclusion that the phrase 'injuries to the person' as used in the instant statute is to be construed comprehensively and as contemplating its application to actions involving injuries that are other than physical. Its purpose is to include within that period of limitation actions brought for injuries resulting from invasions of rights that inhere in man as a rational being, that is, rights to which one is entitled by reason of being a person in the eyes of the law. Such rights, of course, are to be distinguished from those which accrue to an individual by reason of some peculiar status or by virtue of an interest created by contract or property.

Brown v. Dunstan, 409 S.W.2d 365, 367 (Tenn. 1966) (quoting Commerce Oil Ref. Corp. v. Miner, 199 A.2d 606 (R.I. 1964)). Similarly, this Court has "reject[ed] the notion that injury to property as contemplated [by section 28-3-105] is limited to physical injury to property," adopting instead the opinion that a loss in value is also considered injury to property. Vance v. Schulder, 547 S.W.2d 927, 932 (Tenn. 1977). Thus, both of the limitations statutes involving property injuries and personal injuries have been interpreted to apply to negligence claims for solely economic damages: claims for economic damages arising from invasions of rights that "inhere in man as a rational being" are governed by the limitations period for injuries to the person, see Brown, 409 S.W.2d at 367, and claims for economic damages arising from property rights are governed by the three-year limitations period for injuries to property. See Tip's Package Store, Inc., v. Commercial Ins. Managing Inc., 86 S.W.3d 543, 552 (Tenn. 2001). Our final task, then, is to determine whether Gunter's alleged injuries arise out of his property rights or his rights as a "rational being."

Here, Gunter seeks monetary damages based on a financial obligation, his child support payments, that he has incurred because of the blood test. His alleged economic injury does not arise

---

[5] "(a) The following actions shall be commenced within one (1) year after the cause of action accrued: (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise . . . ." Tenn. Code Ann. § 28-3-104(a)(1) (2000).

[6] "The following actions shall be commenced within three (3) years from the accruing of the cause of action: (1) Actions for injuries to personal or real property . . . ." Tenn. Code Ann. § 28-3-105 (2000).

out of an invasion of a right which "inheres in man as a rational being" such as the right to a good reputation. <u>See</u> <u>Brown</u>, 409 S.W.2d at 367. Accordingly, we must conclude that this cause of action is governed by the three-year statute of limitations for injuries to property. Consequently, we affirm the reversal of the trial court by the Court of Appeals.

## IV. Conclusion

By this decision we conclude that the applicable statute of limitations for a negligence action against a blood testing laboratory regarding a report which was used to impose child support payments is the three-year statute of limitations for injury to property. Accordingly, we vacate the order of the trial court dismissing the complaint as barred by the statute of limitations. We affirm the Court of Appeals and remand the case for further proceedings.

The costs of appeal are taxed to the Appellant, Laboratory Corporation of America, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE