IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 10, 2010 Session

MELINDA LONG, AS ADMINISTRATOR OF THE ESTATE OF OPAL HUGHES
v. HILLCREST HEALTHCARE - WEST ET AL.

Appeal from the Circuit Court for Knox County
No. 3-119-09     Wheeler A. Rosenbalm, Judge

No. E2009-01405-COA-R3-CV - Filed April 16, 2010

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

I agree with the majority's conclusion that, *to the extent* the allegations of the complaint allege medical malpractice,[1] the defendants are entitled to summary disposition of that claim. This is true because the material filed by the defendants in support of their motion clearly establishes that the plaintiff failed to satisfy the pre-filing requirements of the applicable statute as it pertains to a complaint sounding *exclusively* in medical malpractice. *See* Tenn. Code Ann. § 29-26-121 (Supp. 2009[2]). I cannot concur, however, that the allegations of the complaint sound *exclusively* in medical malpractice.

Since the material filed by the defendants addresses only a medical malpractice claim, there is no basis for dismissing a claim for simple negligence *if* the plaintiff's complaint reasonably can be construed as alleging such a claim. It is well-established that a complaint should not be dismissed on a defendant's Tenn. R. Civ. P. 12.02(6) motion if there is a set of facts that would make out a claim under the well-pleaded factual allegations of the

---

[1]It is not entirely clear to me that the plaintiff in her complaint alleges or even attempts to allege a cause of action sounding in medical malpractice. Certainly the language of such a claim, *e.g.*, medical malpractice, standard of care, deviation, injury/damages caused by the deviation, is nowhere to be found in the complaint. The only reference to "medical malpractice" is contained in the letters mailed by the plaintiff's attorney to the defendants on March 16, 2009, but these letters are not a part of the plaintiff's complaint, nor exhibits to it. In any event, I agree with the majority that any claim for medical malpractice that is alleged has been properly dismissed.

[2]While Tenn. Code Ann. § 29-26-121, et seq., was amended effective July 1, 2009, after the trial court's decision in this case, the plaintiff's filing was defective under the earlier version of the statutory scheme as well as under the as-amended version.

complaint. ***Doe v. Sundquist***, 2 S.W.3d 919, 922 (Tenn. 1999) ("In ruling on a [Tenn. R. Civ. P. 12.02(6)] motion, courts must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief.").

The plaintiff alleges that the defendants posted a sign outside the decedent's door reciting – in the words of the majority opinion – "that a special lift had to be used to move [the decedent] and that a special chair/wheelchair had to be employed." If the plaintiff can prove this fact and if the plaintiff can also prove that the staff member who picked up the decedent saw or should have seen the sign, the staff member's conduct can be evaluated by a fact-finder as to whether the staff member acted appropriately in ignoring the sign or in how he attempted to carry the decedent. I do not believe that such an assessment requires any specialized medical knowledge. A lay person can make this call.

The negligent conduct alleged in this case does not bear "a substantial relationship to the rendition of medical treatment." ***Gunter v. Lab. Corp. of America***, 121 S.W.3d 636, 641 (Tenn. 2003). This case is similar to ***Harvey v. Wolfer***, 03A01-9512-CV-00452, 1996 WL 94819 (Tenn. Ct. App. E.S., filed March 6, 1996) (genuine issue of material fact as to whether defendant was guilty of "ordinary" negligence in dropping the plaintiff). It seems to me that, as in ***Harvey***, the instant case rises or falls on the issue of simple negligence.

The proof may well demonstrate that, in view of the sign and the staff member's knowledge or imputed knowledge, the staff member acted negligently in physically picking up the decedent and/or in how the staff person carried or attempted to carry her. If all of these *facts* are proven by a preponderance of the evidence, as reflected by a fact finder's decision, the plaintiff, by showing resulting damages, would be entitled to a recovery. I believe the trial court erred in dismissing what I perceive to be a claim for simple negligence.

Accordingly, I concur in part and dissent in part.

_____
CHARLES D. SUSANO, JR., JUDGE