IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 25, 2010 Session

# KATRINA MARTINS, ET AL. V. WILLIAMSON MEDICAL CENTER

**Appeal from the Circuit Court for Williamson County**
**No. 09442     Robbie T. Beal, Judge**

---

**No. M2010-00258-COA-R3-CV - Filed November 22, 2010**

---

Katrina B. Martins and her husband filed suit against Williamson Medical Center for injuries sustained when Ms. Martins fell in her hospital room. The trial court held that the complaint stated a claim based on medical malpractice and dismissed the lawsuit for failure to comply with the Tennessee Medical Malpractice Act. Plaintiffs appeal, asserting that the complaint sounded in common law negligence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

J. Russell Parkes and Charles M. Molder, Columbia, Tennessee, for the appellants, Katrina Martins and Joseph J. Martins.

Bryan Essary and Heather Piper-Coke, Nashville, Tennessee, for the appellee, Williamson County Hospital District, d/b/a Williamson Medical Center.

**OPINION**

## I. BACKGROUND[1]

On July 18, 2008, Katrina B. Martins was admitted as an obstetrics patient at Williamson Medical Center ("WMC") in Franklin, where she gave birth to her second child.

---

[1] The factual background is taken from the allegations of the complaint. Because the case was dismissed on the basis of a Rule 12 motion to dismiss, we take the allegations as true. *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007).

1

At some point after the delivery, Ms. Martins was walking across her hospital room when she fell to the ground and sustained severe injuries to her head and face.

On July 14, 2009, Ms. Martins and her husband, Joseph, ("Plaintiffs") filed suit in Williamson County Circuit Court against WMC. In pertinent part, the complaint alleged the following:

> 8. On or about July 18, 2008, employees of WMC, being fully aware of the fall risks inherent for post delivery patients as Ms. Martins, allowed Ms. Martins to walk across her room without proper safety protocol and further negligently allowed Ms. Martins to fall to the floor of such facility sustaining severe and debilitating injuries as a result thereof.
>
> 9. Employees of WMC knew or should have known that Ms. Martins was at risk of serious and dangerous falls having just given birth to her second child. However, employees of WMC negligently permitted Ms. Martins to walk unassisted and further negligently allowed Ms. Martins to fall to the floor of the facility.

WMC filed a Motion to Dismiss the Complaint pursuant to Tenn. R. Civ. P. 12.02(6), asserting that the complaint stated a cause of action based on medical malpractice but did not comply with the requirements of the Tennessee Medical Malpractice Act. Specifically, WMC contended that Plaintiffs 1) failed to provide adequate pre-suit notice as required by Tenn. Code Ann. § 29-26-121(a); 2) failed to allege or provide evidence in their complaint of compliance with pre-suit notice requirements as required by Tenn. Code Ann. § 29-26-121(b); and 3) failed to file a certificate of good faith pursuant to Tenn. Code Ann. § 29-26-122(a). The court found that the complaint set forth a claim of medical malpractice, was subject to the Medical Malpractice Act, and granted the Motion to Dismiss because of Plaintiffs failure to comply with the Act.

On appeal, Plaintiffs contend that the trial court erred in dismissing the complaint, asserting that the complaint stated a claim for ordinary negligence and, consequently, was not subject to the Tennessee Medical Malpractice Act. The issue presented is whether the complaint states a claim for medical malpractice or ordinary negligence.

## II. STANDARD OF REVIEW

The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss is to determine whether the pleadings state a claim upon which relief may be granted. Such a motion challenges the legal sufficiency of the complaint, but not the strength of the plaintiff's proof. *Edwards v.*

*Allen*, 216 S.W.3d 278, 284 (Tenn. 2007) (citing *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999)).  The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action.  *Id.*  (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

In reviewing a motion to dismiss, we must liberally construe the complaint, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996); *see also Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). Thus, a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *See Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999); *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn. 1978). Making such a determination is a question of law, and our review of a trial court's determinations on issues of law is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## III.  DISCUSSION

A common law claim for negligence requires proof of the following elements: a duty of care; conduct falling below the applicable standard of care that amounts to a breach of that duty; an injury or loss; cause in fact; and proximate or legal cause. *White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998). A medical malpractice claim, on the other hand, is defined by statute, and the plaintiff has the burden to prove:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a).  The Tennessee Supreme Court has opined that "the distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical line separates the two.'" *Gunter v. Lab. Corp. Of Am.*, 121 S.W.3d 636, 639 (Tenn. 2003) (quoting *Weiner v. Lenox Hill Hosp.*, 673 N.E.2d 914, 916 (N.Y. 1996)).  Simply because a case involves a health or

3

medical entity does not make it a medical malpractice claim. *Draper v. Westerfield*, 181 S.W.3d 283, 290 (Tenn. 2005). Similarly, medical malpractice claims may arise even when "non-physicians, such as nurses, . . . are involved in the medical treatment of a patient." *Gunter*, 121 S.W.3d at 640.

In order to distinguish between the two claims, the Tennessee Supreme Court has set forth the following analysis:

> When a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

*Gunter*, 121 S.W.3d at 641. The crucial determination is whether the "services performed . . . bear a substantial relationship to the rendition of medical treatment." *Id.* In addition, "[t]he distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of fact." *Graniger v. Methodist Hospital Healthcare Systems, Inc.*, 1994 WL 496781, at *1 (Tenn. Ct. App. Aug. 2, 2006) (citing *Pearce v. Feinstein*, 754 F.Supp. 308, 310 (W.D.N.Y.1990)). The duty attendant to providing "custodial services," such as feeding, hydrating, cleaning, and grooming, is an element of a claim of common law negligence. *See Smartt v. NHC Healthcare/McMinnville, LLC*, No. M2007-02026-COA-R3-CV, 2009 WL 482475, at *9 (Tenn. Ct. App. Feb. 24, 2009) (application for permission to appeal filed Apr. 24, 2009). However, the duty arising from rendering "'skilled nursing services' aimed at diagnosing, treating, and preventing injuries and illnesses" are elements of a claim of medical malpractice because they "require a degree of medical expertise." *Id*.

The complaint alleges that "[WMC] allowed Ms. Martins to walk across her room without proper safety protocol," that "[WMC] negligently allowed Ms. Martins to fall to the floor," that WMC was "fully aware of the fall risks inherent for post delivery patients," and that WMC "knew or should have known that Ms. Martins was at risk of serious and dangerous falls having just given birth to her second child." Essentially, the complaint alleges that WMC is liable because it knew Ms. Martins was at risk for a post-delivery fall but failed to safeguard her.

Taking the allegations of the complaint as true and affording them all reasonable inferences, we agree with the trial court that Plaintiffs have alleged a claim for medical malpractice. Although plaintiffs did not allege a specific legal duty which was breached by WMC, the allegations of the complaint, quoted above, go beyond alleging the duty applicable to the provision of custodial services. *Smartt*, 2009 WL 482475, at *9. Instead, the complaint alleges facts relating to services requiring specialized skill and training, such as recognizing the potential for a post-delivery fall and preventing injuries therefrom; the duty attendant to such services is the professional duty arising from the rendition of medical care covered by the malpractice act. *See McBee v. HCA Health Services of Tennessee, Inc.*, No. M2000-00271-COA-R3-CV, 2000 WL 1533000, at *3 (Tenn. Ct. App. Oct. 18, 2000) ("The assessment of a surgical patient's post-operative ability to ambulate and the choice of the method of ambulation involves specialized skill and training that is not ordinarily possessed by lay persons.").

The Plaintiffs were required to satisfy the requirements contained in Tenn. Code Ann. §§ 29-26-121–122. Tenn. Code Ann. § 29-26-122(a) states that if a certificate of good faith is not filed with the complaint, "the complaint shall be dismissed." Consequently, the court did not err in dismissing the complaint.

## IV. CONCLUSION

For the reasons set forth above, the decision of the Circuit Court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE