FILED

09/19/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 7, 2017 Session

**JERRY ALAN THIGPEN v. TROUSDALE COUNTY HIGHWAY
DEPARTMENT, ET AL.**

**Appeal from the Circuit Court for Trousdale County
No. 2016-CV-4554  John D. Wootten, Jr., Judge**

_____

**No. M2016-02556-COA-R3-CV**

_____

Jerry Thigpen sued the Trousdale County Highway Department and two individuals, alleging damage to his home caused by roadway resurfacing.  The trial court dismissed the lawsuit, concluding that the claims were barred by the Tennessee Governmental Tort Liability Act ("GTLA").  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., M.S., P.J., and RICHARD H. DINKINS, J., joined.

Jerry Alan Thigpen, Hartsville, Tennessee, pro se appellant.

W. Carl Spining, Nashville, Tennessee, for the appellees, Randy Summers, Bill Scruggs, and the Trousdale County Highway Department.

**OPINION**

**I.**

On June 17, 2016, Mr. Thigpen filed[1] his complaint with the Chancery Court of

_____

[1] Mr. Thigpen submitted his complaint to the clerk & master along with an affidavit of indigency on June 17, 2016.  The clerk & master stamped the complaint "lodged" on that date but only stamped the complaint "filed" on June 23, 2017, after the trial court granted Mr. Thigpen leave to proceed as an indigent person.  Typically, a document not suitable for filing is stamped "lodged."  *See File*, Black's Law Dictionary (10th ed. 2014).   For purposes of our analysis, we treat the complaint as filed on June 17, 2016.  *See* Tenn. R. Civ. P. 3 ("All civil actions are commenced by filing a complaint with the clerk of the

Trousdale County, Tennessee. The complaint named as defendants the Trousdale County Highway Department and two individuals, Billy D. Scruggs and Randy Dean Summers. The complaint described Messrs. Scruggs and Summers as "workers" for the Highway Department.

Mr. Thigpen claimed that "[o]n June 17, 2013, Billy Scruggs and Randy Summers, while resurfacing Front Street, caused significant damages" to his home. Mr. Thigpen attributed the damage to the Highway Department's use of a vibratory drum compactor in close proximity to the home. The complaint, which contained only eight numbered paragraphs, alleged as follows:

> 1) On June 17, 2013, the Trousdale County Highway Department and its workers, deployed the vibratory complaction [sic] function of their CAT 534C, within 20" of the accusers stacked stone and brick home.

> 2) This vibrational impact lasted for around ten (10) seconds.

> 3) Even for an instant, such a [sic] ultra-hazardous and destructive event exceeds the state's blasting limits by a factor of 1.5 or more.

> 4) Even for an instant, the same event in #3, exceeded damage threshold guidelines by a factor of 250.

> 5) Externally, the accusers [sic] home sustained significant damages including faces of bricks vaporized, disentegrated [sic] mortar, significant foundation and structure shifting externally.

> 6) Internally unmistakable evidence of drywall frettaging, from high force vibrational impacts above the structure's natural frequency, presented itself.

> 7) Also evident as a result were roof leaks which did not exist prior and due to the significant shifting of the foundation and structure.

> 8) Attempts to resolve this matter in good faith with Scruggs, past and current mayor, have only been met with bad faith responses.

Based on these allegations, Mr. Thigpen sought such relief as the court deemed "fair and just."

---

court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint . . . ."); Tenn. R. Civ. P. 5.06 (The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . ."); *see also Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir. 1987) (complaint is deemed filed when lodged with the clerk, provided the judge grants plaintiff leave to proceed *in forma pauperis*).

The defendants responded to Mr. Thigpen's complaint with a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Tenn. R. Civ. P. 12.02. Specifically, the motion asserted that the claim against the Highway Department was time-barred under the GTLA. The motion also asserted that the individual defendants were "statutorily immune from liability" under the GTLA.

The chancery court transferred the case to the Circuit Court for Trousdale County. And, following a hearing, the circuit court dismissed the complaint upon the defendants' motion. This appeal by Mr. Thigpen followed.

**II.**

A statute of limitations defense is appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003). A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.*

We "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination presents a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

Analyzing a statute of limitations defense requires the examination of three interrelated elements: "the length of the limitations period, the accrual of the cause of action, and the applicability of any relevant tolling doctrines." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012). On appeal, Mr. Thigpen argues that the length of the limitations period was three years rather than one year as the trial court concluded. To determine the length of the limitations period, we look to the gravamen or object of the complaint, which presents a question of law. *Id.* at 457. In this case, the object of the complaint is the recovery of property damages arising from the negligent operation of heavy machinery by an instrumentality of Trousdale County.

As an instrumentality of Trousdale County, the Highway Department is entitled to

3

the immunity granted by the GTLA. Tenn. Code Ann. § 29-20-102(3)(a) (Supp. 2016). The GTLA provides general immunity from tort liability to instrumentalities of local government when "engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201 (2012); *Kirby v. Macon Cty.*, 892 S.W.2d 403, 406 (Tenn. 1994). But the GTLA then waives immunity in limited and enumerated circumstances. Tenn. Code Ann. §§ 29-20-202 to -205 (2012).

One such circumstance is "for injuries resulting from the negligent operation by any employee of a motor vehicle or *other equipment* while in the scope of employment." *Id*. § 29-20-202(a) (emphasis added). The allegations of Mr. Thigpen's complaint fall squarely within this exception to governmental immunity. Mr. Thigpen argues that he "seeks damages not under the GTLA but pursuant to Tennessee Code Annotated Section 40-17-118."[2] But we disagree. The statute cited by Mr. Thigpen applies only to personal property seized or confiscated as suspected stolen property. *Id*. § 40-17-118 (2012).

When immunity is waived by the GTLA, "any claim for damages must be brought in strict compliance with the terms of [the GTLA]." *Id*. § 29-20-201(c). An "action must be commenced within twelve (12) months after the cause of action arises." *Id*. § 29-20-305(b). That did not happen here. The alleged damage to Mr. Thigpen's home occurred on June 17, 2013, and he did not file his complaint until three years later.

We also conclude that the trial court properly dismissed the individual defendants. Generally,[3] the GTLA prohibits claims for damages against government employees when governmental immunity has been waived. *Id*. § 29-20-310(b); *see also Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 359 n.3 (Tenn. 2011) ("The GTLA immunizes a governmental employee when the governmental entity is liable . . . ."). It does not matter that Mr. Thigpen may have sued the individuals in their official and individual capacities. Further, despite Mr. Thigpen's arguments on appeal to the contrary, the complaint does not allege that the individuals acted in an intentional matter or outside the scope of their employment. Instead, the complaint alleges that the damages occurred while the Highway Department employees were "resurfacing Front Street."

---

[2] We also find Mr. Thigpen's reliance on the "special duty" exception to the public duty doctrine and *Ezell v. Cockrell*, 902 S.W.2d 394 (Tenn. 1995), misplaced. In *Ezell*, our supreme court held that the enactment of the GTLA did not abolish the public duty doctrine. 902 S.W.2d at 401. The public duty doctrine "shields a public employee from suits for injuries that are caused by the public employee's breach of a duty owed to the public at large." *Id*. at 397. The court went on to recognize "an exception to the rule of no-liability that applies where a 'special relationship' exists between the plaintiff and the public employee, which gives rise to a 'special duty' that is more particular than the duty owed by the employee to the public at large." *Id*. at 401. The allegations of Mr. Thigpen's complaint do not bring this case within "special duty" exception.

[3] An exception applies for health care liability claims brought against a health care practitioner. Tenn. Code Ann. § 29-20-310(b).

4

## III.

The GTLA applies to Mr. Thigpen's claims.  Because under the GTLA the claim against the Trousdale County Highway Department was time-barred and the claims against its employees were prohibited, we affirm the dismissal of Mr. Thigpen's complaint.

_____
W. NEAL MCBRAYER, JUDGE

5