IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2018 Session

## DANIEL FULTS v. METLIFE AUTO & HOME INSURANCE AGENCY, INC.

**Appeal from the Circuit Court for Franklin County**
**No. 2017-CV-167          Thomas W. Graham, Judge**

_____

### No. M2018-00647-COA-R3-CV

_____

In this action to recover for personal injuries suffered in a hit-and-run accident, the trial court held that the suit was barred by the one year statute of limitations and dismissed it. Plaintiff appeals; we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Clifton N. Miller and Erica R. Marino, Tullahoma, Tennessee, for the appellant, Daniel Fults.

David L. Franklin, Chattanooga, Tennessee, for the appellee, MetLife Auto & Home Insurance Agency, Inc.

### MEMORANDUM OPINION[1]

#### I. FACTUAL AND PROCEDURAL HISTORY

Daniel Fults was injured in an accident with a hit-and-run driver on November 16, 2015, in Franklin County, Tennessee; as a result of the accident, Mr. Fults was injured,

---

[1] Rule 10 of the Rules of the Court of Appeals states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

and required extensive medical treatment. The other driver has not been identified. Mr. Fults filed suit on July 14, 2017, naming his insurance carrier, MetLife Auto & Home Insurance Agency ("MetLife"), as defendant and seeking to recover under the uninsured and underinsured coverage of his policy.

MetLife moved to dismiss the suit pursuant to Rule 12.02(6) of the Rules of Tennessee Civil Procedure on the grounds that the complaint did not name or contain allegations against a "John Doe" driver, that no summons had been issued against "John Doe" as required by Tennessee Code Annotated section 56-7-1206(b), and that the statute of limitations at Tennessee Code Annotated section 28-3-104 would prevent John Doe from being named as a defendant. Mr. Fults thereafter moved to amend the complaint to add John Doe as a defendant and to insert the name "John Doe" in the allegation in that "[t]he vehicle, operated by [an unknown driver] violently impacted the Fults' vehicle, causing total damage to the vehicle and Fults."

The trial court granted the motion to dismiss, holding that suit was instituted more than a year after the accident; that it did not name John Doe as a defendant, but only MetLife; and that the statute of limitations for personal injury claims expired on November 16, 2016, and that the suit was consequently barred by the one year statute of limitations at Tennessee Code Annotated section 28-3-104. Mr. Fults appeals, raising the following issue: "Whether the six-year statute of limitations under Tenn. Code Ann. § 28-3-109 applies when an insured brings a lawsuit against his/her insurer under Tenn. Code Ann. § 56-7-1201 *et seq*."

## II. STANDARD OF REVIEW

In considering an appeal from a trial court's dismissal of a complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, this Court takes all allegations of fact in the complaint as true, and reviews the trial court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996). Determining the applicable statute of limitations is an issue of law that we review *de novo*. *Gunter v. Lab. Corp. of Am.,* 121 S.W.3d 636, 638 (Tenn. 2003).

## III. ANALYSIS

This action is governed by the one-year statute of limitations set forth in Tennessee Code Annotated section 28-3-104(a). Because an unknown driver caused the injury to Mr. Fults, section 56-7-1206(b) applies, which provides:

> If the owner or operator of any motor vehicle that causes bodily injury or property damage to a person insured under this part is unknown and if the insured satisfies all of the requirements of § 56-7-1201(e), should

suit be instituted, *the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy*. If the uninsured motorist's identity and whereabouts are discovered during the pendency of the proceeding, subsection (e) shall govern the proper course of action following the discovery.

(Emphasis added.)

Plaintiff argues that the holding in *Bates v. Greene*, No. W2016-01868-COA-R3-CV, 2017 WL 3206599 (Tenn. Ct. App. July 27, 2017), applies in this case and would allow his suit to survive MetLife's motion to dismiss; we do not agree. In *Bates*, the plaintiff was injured in an automobile accident and sued the driver, whose identity was known, within one year of the accident. *Id.* at *1. When the defendant was not served because he was unable to be found, the plaintiff added her uninsured motorist insurance carrier as a defendant and served the carrier two years after the accident. *Id.* The trial court granted the carrier's motion for summary judgment, holding that the action was barred by the one year statute of limitations. *Id.* On appeal, this Court reversed the trial court's decision, holding that the failure to serve process on the carrier within one year of the accident was not fatal to plaintiff's claim because the suit was timely filed against the uninsured motorist. *Id.* at *6-7. In reaching the decision, the *Bates* Court followed the decision of this Court in *Buck v. Scalf*:

> In accordance with Tenn. Code Ann. § 56-7-1206 it is incumbent that suit be instituted against an uninsured motorist with service thereafter upon the insured's uninsured motorist carrier. See *Hooper v. State Farm Mut. Auto. Ins. Co.,* 682 S.W.2d 505, 507 (Tenn. [Ct.] App. 1984). We find no provision in Tenn. Code Ann. § 56-7-1206(a) which requires that a claim by an insured must be served upon an uninsured motorist carrier within one year from the date of a motor vehicle accident *so long as the statute of limitations has not run against the uninsured motorist*.

*Id*. at *6 (quoting *Buck*, No. M2002-00620-COA-R3-CV, 2003 WL 21170328, at *2 (Tenn. Ct. App. May 20, 2003) (emphasis added)). The *Buck* court went on to observe, "where the statute of limitations has run against an uninsured motorist, a direct action cannot be maintained against the plaintiff's uninsured motorist carrier." 2003 WL 21170328, at *4.

Unlike the situation in *Bates*, Mr. Fults did not file his initial complaint within one year of the date of the accident; moreover, he did not name "John Doe" as a defendant, as required by the section 56-7-1206(b). Inasmuch as the initial complaint was barred by the statute of limitations, the amendment, which added John Doe as a defendant, was likewise barred and, therefore, futile. *See Lane v. Montgomery*, No. E2006-01643-COA-

R3-CV, 2007 WL 1860903, at *4-5 (Tenn. Ct. App. June 28, 2007); *Gafford v. Caruthers*, No. 91C-2709, 1994 WL 420917 at *2 (Tenn. Ct. App. Aug. 12, 1994).

Accordingly, we affirm the dismissal of the complaint.

RICHARD H. DINKINS, JUDGE