

**FILED**
**Apr 08, 2024**
**08:21 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **DAROLD SWANSON,** | ) | **Docket No. 2023-06-5023** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FACILITY INSTALLATION** | ) | |
| **SERVICE,** | ) | |
| **Employer,** | ) | |
| **And** | ) | **State File No. 860304-2023** |
| **AUTO OWNERS INS. CO.,** | ) | |
| **Carrier,** | ) | |
| **And** | ) | |
| **TROY HALEY, Administrator,** | ) | |
| **SUBSEQUENT INJURY AND** | ) | **Judge Joshua D. Baker** |
| **VOCATIONAL RECOVERY FUND.** | ) | |

---

## COMPENSATION ORDER DENYING MOTION TO CONTINUE AND GRANTING MOTION TO DISMISS

---

The Court held a hearing on Mr. Swanson's motion to continue and on Facility Installation's motion to dismiss on April 1, 2024. Mr. Swanson did not appear but filed a motion to continue. Because his motion lacks support and was not pursued, the Court denies Mr. Swanson's motion to continue. Further, because his petition fails to state a claim upon which relief can be granted, the motion to dismiss is granted.

### Procedural History

In his petition, Mr. Swanson alleged that he contracted Covid-19 from a co-worker, who had not told him about his infection "until [Mr. Swanson] started experiencing symptoms." On August 11, 2021, Mr. Swanson "went straight to the boss and told him of the situation." His supervisor "recommended [he] go to Path Group for free testing."

After the test, he "gave [his] test results and doctors [sic] excuse [to his] supervisor but "got progressively worse, end[ing] up in ICU several times." He still "suffer[s] from Afib and blood clots in [his] lungs and heart" that he alleges resulted from Covid-19.

1

Two years after his injury, Mr. Swanson filed a petition for benefit determination on July 18, 2023. On the petition, he marked the following statements as true:

☑ Employee has not received a list of 3 doctors.

☑ Employee has not received medical care from Employer or the insurance company.

☑ Employee has missed the following days from work due to the injury:
8/11/21 – present

☑ Employee has not been paid for missing work and/or believes he/she is owed more than received.

Mr. Swanson also left "Section F: Notice" blank, failing to identify if and how he had sent a copy of his petition to his employer or its insurance carrier.

In addition to the dispute certification notice, the mediator reported that Mr. Swanson failed to cooperate in scheduling mediation, failed to submit required medical records or documentation, and failed to respond "to many efforts to reach him."

After the dispute certification notice issued, Mr. Swanson failed to timely request a hearing, so the Court entered an order for him to appear and show cause why his claim should not be dismissed for lack of prosecution. In response, he filed a request for expedited hearing. In turn, Facility Installation filed its motion to dismiss, asserting that Mr. Swanson's claim fails on its face, as the claim was untimely filed outside the limitations period. Facility Installation included a notice in its motion setting the hearing on its motion to dismiss for April 1, 2024.

At the show-cause hearing in late February, the Court ordered the parties to complete written discovery about the statute of limitations issue before the April hearing on the motion to dismiss and also set an expedited hearing for May.

On March 25, Mr. Swanson filed a "Response and Motion to Continue" requesting "an additional 60 days to respond" for "more time to get medical evidence of incapacity, TCA-50-6-203'd.' [sic]." The next day, a docketing notice issued setting a hearing on the motion to continue for April 1, 2024, the same day as the hearing on Facility Installation's motion to dismiss.

Mr. Swanson failed to appear on April 1, missing the hearing on his motion to continue and the hearing on the motion to dismiss.

**Analysis**

Rule 12.02(6) permits dismissal of a claim for "failure to state a claim upon which relief can be granted." Tenn. R. Civ. P. 12.02(6) (2023). The motion is resolved by examining the pleadings alone, and a defendant who files a motion to dismiss "admits the

2

truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) (internal quotations and citations omitted).

A statute of limitations defense may be raised in a 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003). However, the motion should be denied unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id*. at 639.

Generally, a 12.02(6) dismissal at this procedural stage is premature because "[b]y its very nature, a Rule 12.02 motion to dismiss asserts that the claim fails on its face, without the need for the court to consider other evidence." *Watson v. Lowe's Home Ctrs., Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 4, at *8 (Feb. 3, 2023). Evidence is usually "necessary to determine whether the statute of limitations serve[s] to bar the claim." *Id*.

However, Facility Installation has shown that Mr. Swanson's petition fails on its face. Tennessee Code Annotated section 50-6-203(b)(1) reads where an "employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation under this chapter shall be forever barred, unless . . . a petition for benefit determination is filed . . . within one (1) year after the accident resulting in injury."

Here, Mr. Swanson did not file his petition until nearly two years after his alleged injury. He acknowledged in his petition that his employer did not pay workers' compensation benefits, as he marked that his employer had not furnished medical treatment or paid him for missing work due to his injury.

After a defendant has established that a claim is barred by the statute of limitations, the burden shifts to the plaintiff to show his claim should not be time-barred, usually by application of tolling doctrines like the discovery rule. *Redwing v. Cath. Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 464, 467 (Tenn. 2012). The discovery rule tolls the statute of limitations until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained. *Ernstes v. Printpack, Inc.*, 2023 TN Wrk. Comp. App. Bd. LEXIS 25, at *9 (June 6, 2023).

Mr. Swanson acknowledged on his petition that he was injured at a specific time on a certain date when his co-worker infected him. He told his boss on August 11, 2021, that he thought his co-worker had made him ill, then immediately sought testing and treatment. Because he immediately related his infection to work, the discovery rule does not apply here.

He filed a motion to extend his response time to the motion to dismiss by 60 days and to continue the hearing so he could gather evidence to prove he was incapacitated from timely filing a petition. Section 50-6-203(d) permits tolling in cases of "physical or mental incapacity" that could extend the limitations period "for one (1) year from the date when the incapacity ceases."

However, the Court set his motion to continue for April 1, and he did not attend the hearing. Further, his motion lacks specificity or any explanation as to what type of incapacity he alleges or how long it lasted. Also, Mr. Swanson never mentioned in his petition that he had a physical or mental incapacity that would have prevented him from filing his petition within one year of the date of injury. As Mr. Swanson did not diligently pursue or adequately support his motion, the Court denies it.

In sum, because Mr. Swanson admitted in his petition that Facility Installation did not pay workers' compensation benefits and has alleged an August 11, 2021 injury but did not file his petition until July 2023, the Court grants the motion to dismiss with prejudice against its refiling. Facilities Installation shall pay the $150.00 filing fee to the Court Clerk within five days of entry of this order. Unless appealed, this order becomes final 30 days after entry.

It is **ORDERED**.

ENTERED April 8, 2024.

_____
**JOSHUA D. BAKER, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on April 8, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Darold Swanson, Employee | | | X | 2419 Woodale Lane Nashville, TN 37207 dinkswanson@gmail.com |
| Michael Haynie, Employer's Attorney | | | X | mhaynie@manierherod.com |
| Patrick Ruth, Attorney for the Fund | | | X | patrick.ruth@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____   ☐ Motion Order filed on _____

☐ Compensation Order filed on_____   ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*