IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 25, 2012 Session

## JEANNIE MCGINNIS CALDWELL v. THE VANDERBILT UNIVERSITY d/b/a VANDERBILT UNIVERSITY MEDICAL CENTER ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 10C2322 10C4045     Amanda Jane McClendon, Judge**

_____

**No. M2012-00328-COA-R3-CV - February 20, 2013**

_____

Plaintiff filed suit against Vanderbilt University Medical Center for injuries she sustained during an MRI scan. The trial court held that the complaint stated a claim for medical malpractice and dismissed the complaint for failure to comply with the Tennessee Medical Malpractice Act ("TMMA"). Plaintiff appeals, asserting the complaint sounded in common law negligence and, alternatively, that the documents she filed complied with the TMMA. We affirm the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

W. H. Stephenson, II, Nashville, Tennessee, for the appellant, Jeannie McGinnis Caldwell

Steven E. Anderson and Sara F. Reynolds, Nashville, Tennessee, for the appellees, The Vanderbilt University d/b/a Vanderbilt University Medical Center et al.

**OPINION**

FACTUAL AND PROCEDURAL HISTORY

On June 13, 2009, Jeannie Caldwell sustained injuries as a result of an all-terrain-vehicle accident and was transported to Vanderbilt University Medical Center ("Vanderbilt")

for treatment.[1]  On June 14, 2009, surgeons at Vanderbilt performed a procedure to repair an injury to Ms. Caldwell's left knee.  Upon completion of surgery, her leg was placed in a full brace.  On June 24, 2009, Ms. Caldwell underwent a magnetic resonance imaging (MRI) scan to further diagnose her condition.  The MRI was performed while Ms. Caldwell was wearing her leg brace.  As the scan commenced, Ms. Caldwell's brace became magnetized to the side of the MRI machine allegedly causing her to suffer additional injuries.

Ms. Caldwell filed suit against Vanderbilt on June 22, 2010, asserting claims for ordinary negligence and breach of contract.  The complaint averred that "[i]t is common knowledge to the general public that metal objects subject to magnetism are not to be placed near or in the vicinity of a MRI machine while in operation."  Attached to her complaint was a  "Certificate Pursuant to Tenn. Code Ann. § 29-26-122."[2]

On June 23, 2010, Ms. Caldwell sent Vanderbilt written notice of a potential medical malpractice claim pursuant to Tenn. Code Ann. § 29-26-121.  On October 15, 2010, Ms. Caldwell filed a second lawsuit against Vanderbilt, based upon the same incident, alleging claims for medical malpractice.  In her second complaint, Ms. Caldwell stated:

> Although Plaintiff continues to maintain and is of the opinion this matter is one of ordinary negligence and breach of contract as no diagnosis, expert knowledge, doctor's supervision, nurse's supervision or complex assessment are required, Plaintiff would alternatively allege that the acts and/or omissions of the Defendants hereinbefore set forth failed to conform and adhere to the recognized standard of acceptable professional practice and failed to give proper medical treatment to Plaintiff as set forth and required by Tenn. Code Ann. § 29-26-115.

On December 16, 2010, an agreed order was entered consolidating the lawsuits filed by Ms. Caldwell.

On November 15, 2011, Vanderbilt filed a motion to dismiss under Tenn. R. Civ. P.

---

[1] The facts of this case are derived from allegations in Ms. Caldwell's complaint.  The proceedings below were decided on a motion to dismiss; thus, for purposes of this appeal, we assume the truth of those allegations.

[2] Ms. Caldwell's "Certificate Pursuant to Tenn. Code Ann. § 29-26-122" does not appear in the record as an attachment to the June 22, 2010 complaint.  However, it appears that Vanderbilt was served with a copy of the certificate at the time the suit was filed, and Vanderbilt attached a copy of the certificate to its November 15, 2011 motion to dismiss.  It is unclear whether Ms. Caldwell failed to file a copy of the certificate with the court or whether there was an error in the clerk's office.

12.02(6), arguing that Ms. Caldwell's allegations sound in medical malpractice and are governed by the Tennessee Medical Malpractice Act ("TMMA"), Tenn. Code Ann. §§ 29-26-115 to -122.[3] Vanderbilt asserted that the documents Ms. Caldwell filed were not in compliance with Tenn. Code Ann. §§ 29-26-121 and -122 and that her complaint should be dismissed.

On December 16, 2011, the trial court held a hearing on Vanderbilt's motion to dismiss and entered a memorandum and order dismissing Ms. Caldwell's claim on January 6, 2012, holding that Ms. Caldwell's claim sounds in medical negligence and must comply with the TMMA. Specifically, the court determined that Vanderbilt's actions "bear a substantial relationship to the rendition of medical treatment" and that the "knowledge of the amount of metal that can be introduced into the scanner, is not a subject that is within the common knowledge of laymen." The court went on to explain that the documents filed by Ms. Caldwell were not in compliance with the TMMA. The court reasoned that Ms. Caldwell's purported certificate of good faith was not sufficient because it failed to state that her expert had "stated by written statement there is a good faith basis for the claim." The court held that there was no "extraordinary cause" to prevent dismissal. Ms. Caldwell appeals, asserting the trial court erred in granting Vanderbilt's motion to dismiss.

STANDARD OF REVIEW

This appeal arises from the trial court's grant of a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted.[4] A motion to dismiss for failure to state a claim challenges the legal sufficiency of the complaint rather than the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* In considering a motion to dismiss, courts must liberally construe the complaint, "'presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007)). The scope of review following the grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011).

---

[3] Effective April 23, 2012, the Tennessee Medical Malpractice Act was amended, and the words "health care liability" were substituted for the word "malpractice" throughout the statute. 2012 Tenn. Pub. Acts, ch. 798, § 1-59. In this opinion, we cite to the version in effect when Ms. Caldwell filed her suit.

[4] "The determination of the gravamen of the complaint is a question of law which may be appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure." *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003).

ANALYSIS

We begin our analysis by reviewing the averments in the complaint to determine whether Ms. Caldwell alleges a cause of action based upon common law ordinary negligence,[5] medical malpractice,[6] or both. The characterization of the claim affects the nature of the litigation and the procedures by which it must be litigated. *See Estate of French v. Stratford House*, 333 S.W.3d 546, 555 (Tenn. 2011). Medical malpractice claims are governed by the TMMA, and a plaintiff proceeding under this cause of action must fulfill certain procedural requirements. Specifically, the plaintiff must establish the statutory elements of her claim by expert testimony, as required by Tenn. Code Ann. § 29-26-115(b); provide written notice, as required by Tenn. Code Ann. § 29-26-121(a)(1); and file a certificate of good faith, as required by Tenn. Code Ann. § 29-26-122. These procedural requirements are not applicable to a claim for ordinary negligence.

The distinction between a medical malpractice claim and other forms of negligence is subtle, and no "'rigid analytical line separates the two.'" *Gunter*, 121 S.W.3d at 639 (quoting *Weiner v. Lenox Hill Hosp.*, 88 N.Y.2d 784, 788 (N.Y. 1996)). Our Supreme Court has articulated the following standard for identifying claims for medical malpractice:

> "[W]hen a claim alleges negligent conduct which constitutes or bears a
> substantial relationship to the rendition of medical treatment by a medical

---

[5] The elements of a claim for common law negligence are: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)).

[6] A plaintiff asserting a claim for medical malpractice must prove the following statutory elements:

(1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a).

professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply."

*Estate of French*, 333 S.W.3d at 555 (quoting *Gunter*, 121 S.W.3d at 641)). Accordingly, the distinction between a claim for ordinary negligence and one for medical malpractice "turns on whether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of fact." *Id.* at 556 (quoting *Peete v. Shelby Cnty. Health Care Corp.*, 938 S.W.2d 693, 696 (Tenn. Ct. App. 1996)). It is the role of the courts to ascertain the nature of the claim; the designation given to the claim by either party is not determinative. *Brister v. HCA Health Servs.*, No. M2010-01996-COA-R3-CV, 2011 WL 2395218, at *3 (Tenn. Ct. App. June 8, 2011) (citing *Estate of French*, 333 S.W.3d at 555)).

Ms. Caldwell argues that her complaint states a claim for ordinary negligence because it is within the common knowledge of laymen that metal or magnetic material should not be introduced into an MRI machine. The trial court determined that Ms. Caldwell's complaint sounded in medical malpractice and dismissed the claim because she failed to file pre-suit notice and a certificate of good faith that complied with the TMMA. The court stated:

> Defendant[']s actions bear a substantial relationship to the rendition of medical treatment. The Court finds the evaluation of a patient prior to an MRI, including knowledge of the amount of metal that can be introduced into the scanner, is not a subject that is within the common knowledge of laymen.

In reaching this conclusion, the trial court relied on *Age v. HCA Health Services*, a case in which the plaintiff allegedly fractured her arm when nurses lifted her bed sheets and "log rolled" her onto a table following heart surgery. *Age v. HCA Health Servs. of Tenn., Inc.*, No. M2001-01286-COA-R3-CV, 2002 WL 1255531, at *1 (Tenn. Ct. App. June 7, 2002). In *Age*, the court held that the actions of the nurses involved medical malpractice rather than ordinary negligence because "[s]pecialized training and knowledge is required when transporting or moving post-surgical patients *and in preparing them for medical procedures.*" *Id.* at *3 (emphasis added).

In support of its argument that the process of performing an MRI scan "constitutes the provision of medical treatment" and, therefore, states a cause of action for medical malpractice, Vanderbilt points to an Alabama Supreme Court case, *Henson v. Mobile Infirmary Association*, 646 So.2d 559 (Ala. 1994). In *Henson*, the plaintiff suffered burns

during an MRI scan because the clothing she was wearing contained metallic fibers that conducted electricity. *Id.* at 561. Plaintiff filed suit against the hospital claiming the radiology technicians negligently prepared her for the MRI scan. *Id.* The Alabama Supreme Court determined the cause of action was one for medical malpractice and stated:

> Although [the plaintiff] argues to the contrary, we conclude that the alleged lack of due care in preparing [her] for the MRI by permitting her to remain in her street clothes is not so apparent that laypersons would understand it. The risks posed by taking an MRI test in particular types of clothing and the proper method or methods for preparing patients, as to clothing, are matters properly addressed by medical experts. Stated simply, it cannot reasonably be said that persons of average intelligence would understand, in the absence of admissible expert testimony, what is or what is not proper dress for an MRI test.

*Id.* at 562.

Our review of the complaint leads us to conclude that the MRI technician's evaluation of Ms. Caldwell prior to her entry into the MRI scanner required specialized expertise substantially related to the rendition of medical treatment. The technician preparing Ms. Caldwell for the procedure was required to make a judgment regarding the type and amount of metal that could be introduced into the scanner and whether Ms. Caldwell's leg could be safely removed from the brace at that stage in her recovery. These judgments required specialized training and are not matters that can be assessed on the basis of common everyday experience. Because the evaluation and preparation of Ms. Caldwell for the procedure bears "a substantial relationship to the rendition of medical treatment by a medical professional," we affirm the trial court's finding that this case sounds in medical malpractice. *Estate of French*, 333 S.W.3d at 555.

Next, we must consider whether Ms. Caldwell complied with the requirements of the TMMA. *See* Tenn. Code Ann. §§ 29-26-121 and -122. Tennessee Code Annotated section 29-26-122 requires the filing of a certificate of good faith in medical malpractice cases:

> (a) In any medical malpractice action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

(A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

(B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

"The filing of a certificate of good faith indicating that an expert has reviewed the claims and has certified that they are taken in good faith 'satisfies the goal of attempting to ensure that suits proceeding through litigation have some merit.'" *Kerby v. Haws*, M2011-01943-COA-R3-CV, 2012 WL 6675097, at *4 (Tenn. Ct. App. Dec. 20, 2012) (quoting *Jenkins v. Marvel*, 683 F.Supp.2d 626, 639 (E.D. Tenn. 2010)). Tennessee Code Annotated section 29-26-122(c) provides that "[t]he failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice."

Ms. Caldwell apparently filed a "Certificate Pursuant to Tenn. Code Ann. § 29-26-122" along with her June 22, 2010 complaint which stated:

1.    This action is not a case of medical malpractice. Therefore, the filing of this document is not legally necessary. However, out of an abundance of caution, this is filed contemporaneously with the COMPLAINT. Further, this certificate is attached to the COMPLAINT, incorporated therein by reference *verbatim* and marked EXHIBIT A.

2.    The Plaintiff has consulted with an expert who, upon information and belief is competent pursuant to Tenn. Code Ann. § 29-26-115, and this expert is one of her treating physicians who performed vascular surgery and provided other necessary and reasonable medical treatment that her condition required.

3.    Furthermore, this treating physician gave his opinion to Plaintiff orally and upon information and belief said opinion was incorporated in her medical records that are in the physical possession of the Defendant, the Vanderbilt University d/b/a Vanderbilt University Medical Center, Vanderbilt Medical Group and Clinic. On information and belief, this physician's opinion is based on his personal observations, the treatment Plaintiff received which he and others rendered, his assessment of the total facts and circumstances of what occurred during the MRI procedure and the total facts and circumstances surrounding Plaintiff's injuries.

4.    Plaintiff has requested copies of her medical records; provided however, upon information and belief, all her records, including but not limited to, the accident report of her MRI procedure has not been provided. Upon information and belief, a full set of these records will ultimately be provided through discovery.

5.    This action is being pursued on a good faith basis as her treating physician stated his disbelief that the accident even occurred, and among other things, Plaintiff experienced injuries during the MRI procedure that should not and would not have otherwise occurred.

Tennessee Code Annotated § 29-26-122 provides detailed instruction regarding the required content of a certificate of good faith. Pursuant to the statute, the plaintiff or her counsel must certify they have consulted with one or more experts who have provided a "signed written statement" that the expert believes, based on the information available, that there is a good faith basis to maintain the action consistent with the requirements of Tenn.

Code Ann. § 29-26-115. The statute further states that: " A certificate of good faith shall disclose the number of prior violations of this section by the executing party." Tenn. Code Ann. § 29-26-122(d)(4).

The document filed by Ms. Caldwell does not contain the information required by Tenn. Code Ann. § 29-26-122. First, the document does not confirm that either Ms. Caldwell or her counsel consulted with one or more experts who provided a "signed written statement." Rather, the document states that Ms. Caldwell spoke with a treating physician who orally provided an opinion to Ms. Caldwell and may have recorded that opinion in Ms. Caldwell's medical records. When Ms. Caldwell filed her second complaint on October 15, 2010, she did not file any document that could be construed as a certificate of good faith, nor did she offer any information regarding the status of her alleged medical records request.[7] Second, Ms. Caldwell's certificate does not disclose the "number of prior violations" of Tenn. Code Ann. § 29-26-122. The certificate filed by Ms. Caldwell is not in compliance with the requirements outlined in Tenn. Code Ann. § 29-26-122.[8]

The statutory scheme provides the trial court with some discretion to:

> [U]pon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Tenn. Code Ann. § 29-26-122(c). Ms. Caldwell, however, did not file a motion seeking such relief. As a consequence, her complaint must be dismissed for failure to comply with the TMMA.

---

[7] Tennessee Code Annotated § 29-26-122(a)(2) states that: "Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification." This provision does not affect the requirement that the expert provide a "signed written statement" regarding (1) his or her competency to express opinions in the case, and (2) his or her belief that there is a good faith basis to maintain the action.

[8] We note that our Supreme Court has not opined as to whether the content requirements of Tenn. Code Ann. § 29-26-122 may be satisfied by substantial compliance. *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310 (Tenn. 2012) (holding that the statutory requirements of filing pre-suit notice and a certificate of good faith are "mandatory" and not subject to substantial compliance). In our view, Ms. Caldwell's failure to confirm that either she or her counsel consulted with one or more experts who provided a "signed written statement" failed to substantially comply with the mandatory content requirements of Tenn. Code Ann. § 29-26-122.

CONCLUSION

The decision of the trial court is affirmed. Costs of appeal are assessed against the appellant, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE