IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2013 Session

## HAROLD MOORE v. CORRECT CARE SOLUTIONS, LLC, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001460-11      Robert S. Weiss, Judge**

---

**No. W2012-01387-COA-R3-CV - Filed March 25, 2013**

---

The trial court dismissed Plaintiff's action against Shelby County and Correct Care Solutions, LLC, a health care provider contracted by the County to provide health care to inmates, for the failure to comply with the mandatory notice requirements set forth in Tennessee Code Annotated § 29-26-121. We affirm dismissal of Plaintiff's claims against Correct Care Solutions, reverse dismissal of his claim against Shelby County, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Reversed in part & Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

John R. Johnson, III, Memphis, Tennessee, for the appellant, Harold Moore.

Reid R Phillips and Chapman Sellers Morrow, Memphis, Tennessee, for the appellee, Correct Care Solutions, LLC.

Robert B. Rolwing, Assistant Shelby County Attorney and Pablo A. Varela, Assistant Shelby County Attorney, for the appellee, County of Shelby, Tennessee.

## OPINION

The pivotal issue of this appeal is whether the gravamen of Plaintiff's action, as originally filed in general sessions court, sounds in ordinary negligence or medical malpractice. In September 2009, Plaintiff Harold Moore (Mr. Moore) was an inmate in the custody of the Shelby County Department of Corrections. Mr. Moore commenced this lawsuit on September 22, 2010, by filing a civil warrant against Defendants Shelby County

("the County") and Correct Care Solutions, LLC ("CCS"; collectively "Defendants") in the Shelby County General Sessions Court. In the civil warrant, Mr. Moore asserted claims for

> personal injuries arising from failure of Defendants to provide proper health care to Plaintiff while he was in the custody of Shelby County Division of Corrections on and after September 23, 2009, as the direct and proximate result of the negligence or other wrongful conduct of the Defendants.

In January 2011, Mr. Moore amended the civil warrant to add,

> Plaintiff avers that the care provided to him and the treatment of his condition ultimately diagnosed [as] viral meningoencephalitis was below the minimum accepted standard of professional care in similar circumstances in communities such as Shelby County, Tennessee in 2009. Plaintiff further avers that his medical condition was a serious medical need, that Defendants were indifferent to Plaintiff's medical needs which caused further damage to the Plaintiff.

Mr. Moore filed a certificate of good faith pursuant to Tennessee Code Annotated § 29-26-122 with his amended civil warrant. However, he did not indicate whether he had complied with the notice requirements set forth in section 29-26-121. The general sessions court entered judgment in favor of Defendants in March 2010, and Mr. Moore filed a notice of appeal to the Circuit Court for Shelby County.

CCS and the County filed motions to dismiss for failure to state a claim in April 2011 and October 2011, respectively. In its motion, CCS asserted that Mr. Moore had filed his original complaint in general sessions court on September 22, 2010, that he had mailed notice pursuant to Tennessee Code Annotated § 29-26-121 the same day, and that he filed an amended civil warrant and certificate of good faith in January 2011. CCS asserted that Mr. Moore had failed to comply with the statutory requirements prior to commencing his action in September 2010. CCS further asserted that the statute does not permit "compliance by amendment," and that the original civil warrant was ineffective and did not operate to extend the one-year statute of limitations. The County similarly asserted that Mr. Moore had failed to comply with the statutory requirements. The County stated,

> [e]ven assuming everything in the amended warrant to be true, that Shelby County provided medical care to Plaintiff, the Plaintiff neither provided the requisite sixty days notice of his potential medical malpractice claim prior to filing suit, has not plead compliance in his warrant as mandated by the Tennessee Medical Malpractice Act, nor did he file a Certificate of Good Faith

contemporaneously with the original civil warrant.

Mr. Moore responded in opposition to the motions on January 31, 2012, asserting that the civil warrant filed in general sessions court in September 2010 made no "contention of medical malpractice against either Defendant." He further asserted that the initial general sessions claim was asserted on a theory of ordinary negligence. Mr. Moore submitted that his January 2011 amended civil warrant stated the original claim of negligence and added a claim for medical malpractice. He further asserted that a certificate of good faith was filed with the January 2011 amended civil warrant, and that notices of a potential medical malpractice claim were sent to the County and CCS in September 2010. He asserted that the statutory requirements accordingly had been met.

On February 9, 2012, Mr. Moore filed an amended complaint in the circuit court. In his amended complaint, Mr. Moore alleged that, while in the custody of Shelby County on or about September 22, 2009, he began to exhibit signs of illness that ultimately was diagnosed as viral meningoencephalitis. He asserted that he reported feeling ill to his supervisor that morning; that he nevertheless was required to begin work cutting grass; that he was placed in the supervisor's vehicle when his condition deteriorated; and that he ultimately passed out several times in the afternoon. Mr. Moore alleged that he was not afforded medical care until sometime after 6:56 p.m., when he was examined by a CCS employee. He alleged that, by the time he was examined, he exhibited significant signs of illness, including an altered mental state, flushing, seizures, an elevated heart rate, and unresponsiveness. Mr. Moore stated that he was given two milligrams of Lorazepam, that he was unable to speak or tolerate water two hours later, and that he was escorted back to his dorm to be monitored. Mr. Moore further alleged that he was not sufficiently monitored and that, at approximately 3:34 a.m. on September 23, 2009, he had another "change in mental status," was examined by a CCS employee, and was transported to the hospital.

Mr. Moore alleged that Defendants were negligent in their "failure to observe, monitor and respond to" his deteriorating condition. He additionally alleged that the medical personnel who treated him were guilty of conduct that was below the minimum accepted standard of professional care in Shelby County. Mr. Moore sought damages for deterioration of his medical condition, pain and suffering, loss of earning capacity, temporary and permanent disability, and future medical responses, which he alleged resulted from Defendants' negligence. Mr. Moore attached a copy of the certificate of good faith filed in the general sessions court to his amended complaint. He also attached an affidavit stating that he had sent notices of potential medical malpractice claims to the Defendants on or about September 22, 2010, copies of the notices, copies of a return receipt indicating that the notice was received by the County on September 23, 2010, and by CCS on September 24, 2010.

-3-

Following a hearing on February 10, 2012, the trial court granted Defendants' motions to dismiss. In its order of February 22, 2012, the trial court determined that Mr. Moore had asserted a claim for medical malpractice "to the exclusion of any other claim or theory of recovery" and that he had failed to comply with the requirements of Tennessee Code Annotated § 29-26-121 by 1) not giving 60-day notice of a potential medical malpractice claim before filing his lawsuit; 2) by failing to state in the civil warrant filed on September 22, 2010, that he had complied with the requirements of section 29-26-121 and by failing to provide evidence of compliance; and 3) by failing to file with the civil warrant filed on September 22, 2010, a certificate of good faith as required by section 29-26-122.

Mr. Moore filed a motion to alter or amend the judgment in March 2012. In his accompanying memorandum, Mr. Moore stated that the judgment of dismissal was based entirely on the civil warrant filed in general sessions court on September 22, 2010, the day before the statute of limitations would have expired on any claim other than a medical malpractice claim, and that the statute of limitations applicable to a medical malpractice claim automatically was tolled on September 22, 2010, when Mr. Moore's counsel sent the notices of potential malpractice claims to Defendants. He submitted that the initial claims asserted in September 2010 were for ordinary negligence and not medical malpractice, and that his claim for medical malpractice was not asserted until January 2011, well beyond the sixty days required by the statute. Mr. Moore further asserted that the September 2010 civil warrant "complains of the actions and inactions of Defendants in affording him medical care[,]" and that "it is clear that Plaintiff was not provided medical care or any type until the evening of September 22, 2010, some few hours before he was transported to the Regional Medical Center." The trial court denied Mr. Moore's motion to alter or amend by order entered May 17, 2012. Mr. Moore filed a timely notice of appeal to this Court.

### Issues Presented

Mr. Moore presents the following issues for our review:

(1)     [Whether] the trial court err[ed] in granting the Defendants' motions to dismiss Plaintiff's complaint, where Plaintiff filed a general sessions civil warrant on September 22, 2010, against the Defendants for alleged injuries arising from Defendants' "failure to provide proper health care."

(2)     [Whether] the trial court err[ed] in finding that the general sessions civil warrant filed on September 22, 2010, asserted a claim for medical malpractice to the exclusion of any other claim or theory of recovery arising out of the events of September 21 through September 23, 2009.

(3) [Whether] the trial court err[ed] by finding the general sessions civil warrant filed September 22, 2010, was deficient for Plaintiff's failure to comply with the procedural requirements of Tennessee Code Annotated §§ 29-26-121 and 29-26-122.

## Standard of Review

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests only the legal sufficiency of the complaint itself, and not the strength of the plaintiff's evidence. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012). Thus, when reviewing a motion to dismiss, we must accept the facts alleged in the complaint as true, and construe them in favor of the plaintiff. *Id*. A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo*, with no presumption of correctness. *Myers*, 382 S.W.3d at 308.

## Discussion

We begin our discussion by the County's assertion at oral argument that this matter should be dismissed for lack of subject matter jurisdiction under *Jacob v. Partee*, No. W2012–00205–COA–R3–CV (Tenn. Ct. App. 2012), where Mr. Moore did not file a bond in an indefinite amount on appeal to the circuit court. *Jacob v. Partee* has been overruled, *Bernatsky v. Designer Baths & Kitchens, LLC*, No. W2012–00803–COA–R3–CV, 2013 WL 593911 (Tenn. Ct. App. Feb. 15, 2013), and we have determined that we have jurisdiction to adjudicate this appeal. We accordingly turn to whether the trial court erred in granting Defendants' motions to dismiss.

In his brief to this Court, Mr. Moore asserts that the trial court erred by determining that the September 2010 civil warrant filed in general sessions court asserted a claim for medical malpractice. He asserts that the civil warrant made no allegations of deviations from the standard care, but alleged only that Defendants had failed to provide proper medical care to Mr. Moore. Mr. Moore contends that he did not assert a claim for medical malpractice until January 2011, after he had provided Defendants with notice of a potential claim and filed a certificate of good faith as mandated by the statutes. He further contends that, assuming he "somehow inadvertently set forth a claim for medical malpractice" in September 2010, then dismissal of the medical malpractice claim would not demand dismissal based on other theories of recovery. He asserts that his claims against the County were for negligent acts that occurred prior to treatment by CCS and did not involve medical professionals. He further asserts that his claims against the County for its "indifference" to

his medical needs sound in ordinary negligence and not medical malpractice. In his reply brief, Mr. Moore asserts that the County negligently "failed, refused, ignored and neglected to present" him for medical treatment for approximately 24 hours.

Mr. Moore does not dispute that the notice requirement set forth in Tennessee Code Annotated § 29-26-121 and the certificate of good faith requirement set forth in section 29-26-122 are mandatory, nor does he submit that extraordinary circumstances excuse compliance with the statutes in this case. Rather, the dispositive issue in this matter, as we perceive it, is whether Mr. Moore's September 2010 civil warrant may be construed to assert a claim for ordinary negligence against either Defendant. Otherwise stated, we must determine whether the medical malpractice statutes apply to the claim asserted in the September 2010 civil warrant.

Medical malpractice is one type of negligence, and the distinction between it and ordinary negligence is "subtle." *Estate of French v. Stratford House*, 333 S.W.3d 546, 555 (Tenn. 2011). No "rigid analytical line" separates them. *Id.* (citations omitted). The factor that distinguishes a medical malpractice claim from an ordinary negligence action is whether "a plaintiff's claim is for injuries resulting from negligent medical treatment." *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 640 (Tenn. 2003). The supreme court has opined

> when a claim alleges negligent conduct which constitutes or bears a substantial relationship to the rendition of medical treatment by a medical professional, the medical malpractice statute is applicable. Conversely, when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply.

*Id.* at 641. The "crucial question" is whether the services rendered by the defendant "bear a substantial relationship to the rendition of medical treatment." *Id.* The parties' characterization of the nature of the claim is not determinative. Rather, it is the court's role to determine the gravamen of the complaint. *Id.* at 638.

In his September 2010 general sessions civil warrant, Mr. Moore named two Defendants, CCS and the County, and asserted a claim for personal injuries "arising from the failure of Defendants to provide proper health care to Plaintiff while he was in the custody of Shelby County Division of Corrections." He alleged no facts, and did not assert a specific legal theory entitling him to relief. We note, however, that a civil warrant filed in general sessions court may be very informal. Thus, actions that originate in general sessions courts should not be dismissed because of "any informality whatever." *Ware v. Meharry Med. College*, 898 S.W.2d 181, 183 (Tenn. 1995)(quoting Tenn. Code Ann. § 16-15-729 (Supp. 1993)). On appeal, the circuit court "must regard cases appealed from general sessions

courts with great indulgence and must not dismiss these cases because of informalities in the general sessions proceedings." *Ware*, 898 S.W.2d at 184.

As Mr. Moore conceded at oral argument, his September 2010 civil warrant was less than artfully drafted. Upon review of the entire record, however, including the facts asserted in Mr. Moore's February 2012 amended complaint, we agree with the trial court that Mr. Moore's claim against CCS is properly characterized as a medical malpractice claim. Construing Mr. Moore's factual allegations as true, the actions and conduct of CCS clearly related to the "rendition of medical treatment by a medical professional." It is undisputed that CCS acted under contract to provide health care to inmates in the custody for the Shelby County Department of Corrections. Mr. Moore does not assert that CCS has any role other than that of health care provider. As noted above, Mr. Moore alleges that he was first examined by a CCS employee at approximately 6:56 p.m. on September 22, 2009, and that this was the first medical care he received after being ill all day.

Not every case that involves a health care entity sounds in medical malpractice. *Gunter v. Lab Corp. of Am.*, 121 S.W.3d 636, 640 (Tenn. 2003). However, based on Mr. Moore's recitation of the facts, it is clear that CCS acted as a health care provider in this case, that CCS employees rendered medical treatment to Mr. Moore, and that Mr. Moore's claims against CCS for the failure to provide medical care sounds in medical malpractice and not ordinary negligence. It is undisputed that Mr. Moore did not comply with the mandatory requirements of Tennessee Code Annotated §§ 29-26-121 and 29-26-122 when he filed his action in September 2010.[1] We accordingly affirm dismissal of Mr. Moore's action against CCS.

Notwithstanding the lack of precision in the September 2010 civil warrant, we agree with Mr. Moore that his claim against the County sounds in ordinary negligence. The County department whose actions are in dispute in this case is the Department of Corrections. The Department of Corrections employees whose actions gave rise to Mr. Moore's claims against the County undisputedly were not health care providers, and it is not alleged that any Department of Corrections employee sought to administer medical services or care to Mr. Moore. Rather, the negligent acts alleged by Mr. Moore with respect to the County is the failure of Department of Corrections employees to seek or obtain medical care for Mr. Moore from CCS until approximately 6:56 p.m. on September 22, 2009, despite Mr. Moore's complaints of illness and obvious physical condition.

---

[1]Notwithstanding the informality of the general sessions courts, Tennessee Code Annotated § 20-26-121 requires compliance with the section before the filing of a complaint based on health care liability in any court in the state.

"'The physician-patient relationship is an essential element of a cause of action for medical malpractice, but not for common law negligence.'" *Estate of French v. Stratford House*, 333 S.W.3d 546, 555-56 (Tenn. 2011) (quoting *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 431 (Tenn. 1994); *see also Bradshaw v. Daniel,* 854 S.W.2d 865, 870 (Tenn. 1993)). The medical malpractice statute may also apply to defendants who are not physicians but who "are involved in the medical treatment of patients." *Id*. (citing *Gunter*, 121 S.W.3d at 640). Clearly, no physician-patient relationship existed between Mr. Moore and Department of Corrections employees, and no Department of Corrections employee rendered medical treatment to Mr. Moore. Rather, Mr. Moore's claim against the County arises from the alleged failure of Department of Corrections employees to obtain medical services from its contract health care provider despite his allegedly obvious mental and physical condition. The courts have noted

> "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring specialized skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of fact."

*Id*. (quoting *Peete v. Shelby Cnty. Health Care Corp.*, 938 S.W.2d 693, 696 (Tenn. Ct. App.1996) (quoting *Graniger v. Methodist Hosp. Health Care Sys.*, No. 02A01–9309–CV–00201, 1994 WL 496781, at *3 (Tenn. Ct. App. Sept. 9, 1994))). Construing the facts alleged in Mr. Moore's amended complaint in favor of Mr. Moore, we construe the gravamen of his claim against the County as one sounding in ordinary negligence. We accordingly reverse dismissal of Mr. Moore's action against the County.

**Holding**

In light of the foregoing, we affirm dismissal of Mr. Moore's claim against CCS for failure to comply with Tennessee Code Annotated §§ 29-26-121 and 29-26-122 when he filed his action in September 2010. We reverse dismissal of Mr. Moore's claim against the County where that claim sounds in ordinary negligence, and remand for further proceedings. Costs of this appeal are taxed one-half to Appellee County of Shelby, Tennessee, and one-half to Appellant Harold Moore, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE